**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ralph SCHAEFER, Defendant–Appellant.**

**Ralph SCHAEFER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**Nos. 60023, 62116.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 22, 1993.

Brad B. Baker, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHAN, Judge.

Ralph John Schaefer ("Schaefer") appeals from the judgment of the trial court

after a jury found him guilty of forcible rape, in violation of Section 566.030 RSMo. 1986, and felonious restraint, in violation of Section 565.120 RSMo.1986. The court sentenced Schaefer as a prior and persistent offender to life imprisonment for the rape, and a consecutive fifteen year term of imprisonment for felonious restraint. Schaefer also appeals the judgment of the trial court denying his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. The two appeals have been consolidated pursuant to Rule 29.15(1). We affirm both judgments.

Schaefer does not dispute the sufficiency of the evidence to support his conviction. Therefore, only a brief recitation of the facts is necessary. The evidence, viewed in the light most favorable to the verdict, is as follows. At approximately 6:15 a.m. on the morning of May 23, 1989, in rural Jefferson County, Schaefer accosted fifteen year old victim as she walked down her driveway to wait for the school bus. Schaefer forced victim into his car, drove a short distance to a wooded area, and raped her repeatedly. Afterwards, Schaefer drove victim back to her driveway, pushed her out of his car, and left.

Victim sat dazed in her driveway for a period of time before calling a friend who, in turn, telephoned victim's mother. Mother returned home and called the police. Victim described her assailant to the police, and indicated that she bit his left shoulder during the struggle.

An emergency room doctor examined victim later that afternoon. The doctor observed that victim appeared shaken, her eyes swollen from crying, and that she had scratch marks around her neck, sternum, and arms. A vaginal examination revealed the presence of semen and a small tear in victim's vagina.

A few days after the rape, victim assisted the police in preparing a composite drawing of her assailant. Victim then picked Schaefer out of a photo line-up as the person who raped her. Based on this photo identification, the police arrested Schaefer.

At trial, the State offered testimony of victim, the emergency room doctor, and several other witnesses. In addition, a forensic dentist testified that the bite marks on Schaefer's shoulder matched victim's dental impression, and concluded that victim caused the marks. Schaefer did not testify at trial, but did present four witnesses to support his defense of alibi and misidentification. Despite his alibi defense, a jury found Schaefer guilty as charged.

On his direct appeal, Schaefer raises the following three issues: (1) the admission of the emergency room doctor's expert opinion testimony, (2) closing argument by the State, and (3) improper jury instructions. We affirm all points.

In Schaefer's first point, he alleges the trial court erred in allowing the emergency room doctor's testimony that, in her opinion, victim was raped. He claims the doctor's testimony invaded the province of the jury because whether victim was raped was the ultimate issue for the jury to determine. However, in the present case, the ultimate issue for the jury to decide was the identity of victim's assailant, not whether she was raped. In fact, Schaefer's counsel stipulated at trial that victim was raped, but denied the allegations that Schaefer was the culprit.

It is primarily within the discretion of the trial court to determine whether a witness is qualified as an expert, *State v. Mallett*, 732 S.W.2d 527, 537 (Mo. banc 1987), and to admit expert testimony. *State v. Taylor*, 663 S.W.2d 235, 239 (Mo. banc 1984). In Missouri, an expert may testify to an opinion on an ultimate issue in a criminal case. *Taylor*, 663 S.W.2d at 239. Every opinion of an expert witness is to an "ultimate" fact in the sense that it is a conclusion based upon facts supported in evidence. *Id.*

At trial, the emergency room doctor testified that she examined victim on the day of the rape. The doctor administered a general body exam and an internal exam of victim's vagina. The general body examination revealed that victim was visibly shaken, her eyes swollen from crying, and she had scratches on her neck, sternum,

and arms. An internal examination of victim's vagina disclosed the presence of semen, as well as a tear which indicated force and penetration. Based upon the examinations, the doctor concluded that victim had been raped.

It is generally accepted that a physician may give an opinion that a rape victim's wounds were caused by forceful sexual intercourse. *Taylor*, 663 S.W.2d at 239. In the present case, the doctor limited her opinion to observations she made concerning victim's physical condition after conducting a thorough medical examination of her. From this examination, and drawing on her background, experience, and training, the doctor gave her opinion as a medical expert that victim had been raped. At no time during her testimony did the doctor state or imply that her findings led her to believe that Schaefer was the person who committed the rape. Therefore, the doctor's opinion testimony did not invade the province of the jury which made the ultimate determination that it was Schaefer who had raped victim. Point denied.

In Schaefer's second point, he contends that the trial court abused its discretion in declining to declare a mistrial after his objection to the prosecutor's rebuttal closing argument was overruled. Schaefer alleges that statements made by the prosecutor improperly commented on his future dangerousness, thereby prejudicing him by inflaming the passions of the jury. Specifically, Schaefer objects to:

> PROSECUTOR: Now what can you do to safeguard her rights? And the rights of other fifteen year old children who are raped and abused *by the likes of him.*
>
> DEFENSE COUNSEL: Your Honor, I am going to object to this argument, the question is whether he did this one particular case, which he did not, not the safety of the community.
>
> THE COURT: Be sustained.
>
> PROSECUTOR: I am sorry, Your Honor, I didn't understand the objection. I can't make a general appeal to law enforcement.
>
> THE COURT: Go ahead.

> PROSECUTOR: You want to send a message to people *like him,* telling him not to rape children.
>
> DEFENSE COUNSEL: Your Honor, I am going to object again, ... and I move for a mistrial.
>
> THE COURT: Be overruled.

(Emphasis added)

A prosecuting attorney during closing argument is generally permitted considerable latitude in arguing the necessity of law enforcement and the responsibility thereby imposed on juries. *State v. Pruitt*, 479 S.W.2d 785, 790 (Mo. banc 1972). However, it is not proper for a prosecutor to speculate as to the future possible acts or conduct of the defendant. *State v. Heinrich*, 492 S.W.2d 109, 114 (Mo.App.1973). In other words, a defendant has the right to be tried only for what he has or has not done, and not for what he might do in the future. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo.1970). These rules were designed to preclude argument that "goes beyond bounds so as to excite and inflame passion or prejudice" toward the defendant. *State v. Kalter*, 828 S.W.2d 690, 692 (Mo.App.1992).

Nevertheless, it is permissible for a prosecutor to argue the necessity for law enforcement, the duty of the jury to convict the defendant and prevent crime, and the results to society of a failure to uphold the law. *State v. Willis*, 764 S.W.2d 678, 680 (Mo.App.1988). In the present case the prosecutor's rhetorical question was not improper because it constituted a plea to the jury to uphold the law and convict those responsible for raping children in their community. In addition, the prosecutor's argument did not comment on future dangerousness of Schaefer by reference to protecting the rights of other children who are raped by the "likes of him." The prosecutor referred to rapists plurally, which did not unfairly personalize Schaefer in the eyes of the jury. Arguments which include references to "the likes of him" have frequently withstood challenge in our courts. *State v. Wade*, 535 S.W.2d 492, 498 (Mo. App.1976).

Schaefer also argues that during his closing argument the prosecutor injected fear or personal hostility in the minds of the jurors' toward him, which limited their impartiality, and deprived him of his right to a fair trial and due process of law. In support of this proposition, Schaefer relies on *State v. Groves*, 295 S.W.2d 169 (Mo. 1956).

In *Groves*, the prosecutor argued in an effort to bring home to each jury member the fear that if the defendant was not convicted, he might then rape that juror's daughter or granddaughter. *Id.* The Missouri Supreme Court held that it is not proper for a prosecutor to implant fear in the jurors that if the defendant is acquitted he will endanger the jurors' safety, or the safety of their family members. *Id.* at 174. The prosecutor's statements were found prejudicial and the defendant was granted a new trial. *Id.*

We do not consider *Groves* to be applicable to the present case. In *Groves*, the prosecutor referred to the defendant individually, and that if *he* were not locked up, *he* might then rape a juror's daughter or granddaughter. *Id.* (emphasis added). The language used in *Groves* was specific to the defendant, and personal to the jurors.

In the present case, the prosecutor spoke only in general terms and did not refer specifically to Schaefer with his reference to "the likes of him." The prosecutor clearly did not use the type of strong language that personalizes the defendant in the eyes of the jurors, causing them to fear for themselves or their relatives if the defendant were acquitted.

Upon examination of the prosecutor's comments, we hold that he did not exceed the bounds of permissible closing argument. The prosecutor's arguments were based on an appeal for law enforcement, and for the jury to do its part to help deter crime. Therefore, the trial court did not abuse its discretion in overruling Schaefer's motion for a mistrial. Point denied.

■ Schaefer's final point on his direct appeal alleges the trial court erred in submitting the reasonable doubt instruction contained in MAI CR3d 302.04. He contends that the phrase "firmly convinced" of defendant's guilt in defining "reasonable doubt" could have resulted in the jurors interpreting the instruction to allow a finding of guilt based on a degree of proof lower than that required by due process. This position has been advocated in numerous Missouri cases and rejected in all. Such rejection occurred recently by our Supreme Court in *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993), wherein the court held that the instruction merely explains the term "reasonable doubt" to the jury, and is constitutionally sound. We find no error, plain or otherwise in the instruction of which Schaefer here complains. Point denied.

We turn finally to Schaefer's appeal from the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing on his claim of ineffective assistance of counsel. Schaefer alleges that the motion court erred in denying his claim that his trial attorney was ineffective for failing to call Tammy Sutton to testify on his behalf. Schaefer contends that Ms. Sutton would have testified at trial that she was with him at the time the rape occurred, thereby providing appellant with an alibi.

■ Appellate review of a Rule 29.15 post-conviction proceeding is limited to a determination whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(j). The motion court's findings, conclusions, and order are clearly erroneous only if upon a review of the record, the appellate court is left with a definite and firm impression that a mistake has been made. *State v. Thompson*, 835 S.W.2d 394, 400 (Mo.App. 1992).

■ To prevail on a claim of ineffective assistance of counsel, movant must show that (1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) he was thereby prejudiced. *State v. Sanders*, 738 S.W.2d 856, 857 (Mo. banc 1987). In addition, a movant must overcome the pre-

sumption that the defense counsel's conduct falls within the wide range of reasonable professional assistance, and that under the circumstances, the challenged action might be sound trial strategy. *Id.* at 858.

As a general rule, the decision to call a certain witness is a matter of trial strategy and will not support a finding of ineffective assistance of counsel. *Thompson,* 835 S.W.2d at 400. In fact, an attorney's decision not to call a witness is virtually unchallengeable. *State v. Hamilton,* 791 S.W.2d 789, 798 (Mo.App.1990). To support a charge of ineffective assistance of counsel for failure to secure testimony of a defense witness, the movant must show that: (1) the witness would have been located through reasonable investigation; (2) the witness if called, would have testified, and (3) the testimony would have provided a viable defense. *State v. Qualls,* 810 S.W.2d 649, 654–655 (Mo.App.1991).

In the present case the motion court found that if Ms. Sutton were called to the stand, she would have testified that she met Schaefer outside her home at 8:00 a.m. on the morning of the rape, and that he was on foot at that time. However, two other defense witnesses testified at trial concerning Schaefer's whereabouts since shortly before 8:30 a.m. on the morning of the rape. Thus Ms. Sutton's testimony would only have accounted for his activities between 8:00 and 8:30 a.m. on the day of the rape. This one half hour differential is of little consequence. Her testimony would not have provided Schaefer with an alibi concerning his whereabouts *prior* to 8:00 a.m. which was essential to his defense since victim testified Schaefer had picked her up at approximately 6:15 a.m.

Moreover, at the evidentiary hearing, Schaefer's trial counsel testified that Ms. Sutton had made inconsistent statements concerning Schaefer's whereabouts at the time of the rape. Initially, Ms. Sutton said that she was with Schaefer during the early morning hours on the day of the rape. Later, on the eve of the trial, she told defense counsel that she had the wrong date in mind, and that she could not account for his whereabouts prior to 8:00 a.m. on that morning. The motion court found that these inconsistent statements would have made her credibility suspect.

We hold that defense counsel's decision not to call Ms. Sutton as a witness was a matter of prudent trial strategy, and that the motion court properly denied Schaefer's ineffective assistance of counsel claim. Point denied.

The judgments of the trial court and motion court are affirmed in all respects.

GARY M. GAERTNER, P.J., and SMITH, J., concur.