**STATE of Missouri, Respondent,**

v.

**Matthew V. FUNKE, Appellant.**

**Matthew V. FUNKE, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65556, 67891.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 18, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Presiding Judge.

In this jury-tried case, defendant was convicted of murder in the second degree, in violation of § 565.021 RSMo 1994, and forcible rape under § 566.030. Defendant was sentenced to two consecutive life terms imprisonment. Defendant appeals the judgment and sentence and the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence which is viewed in the light most favorable to the verdict. On September 17, 1990, twelve-year-old Che Sims (the victim), her sister and a friend decided to go to Schnucks to buy some candy and soda. The victim went home to get some money around 7:00 p.m., and met the other girls at the store where they bought soda. While they were in the store, a bicycle one of the girls borrowed from her brother was stolen. The girls went back to where the brother and his friends were playing football near Holt Electrical Supplies to tell him of the theft. The boys and girls went to look for the bike, splitting up to go behind a strip mall. The victim became separated from the others.

Around 8:15 p.m., Christopher Johnson saw a friend, Jeff Grice, and defendant standing near a car located on the parking lot of Holt Electrical Supplies. When Johnson approached, Grice asked him if he want-

ed to party with them. After they drank some alcohol, the three headed towards the creek between Holt Electrical Supplies and the strip mall. Defendant alone crossed the creek, went up towards the strip mall, and returned with the victim, pushing her to the ground. The victim tried to scream, but Grice covered her mouth with his hand. Johnson and Grice held her down while defendant cut and pulled off her pants. While defendant was having sex with the victim, she tried to break free and Grice put his hand around her throat and told her to stop trying to scream. At various times, defendant and Grice hit the victim.

During the attack, Johnson removed his shirt, and Grice wrapped it around the victim's throat, twisting it and threatening to kill her. By the time defendant finished having sex, the victim had stopped moving. Grice also had sex with the victim, who did not move.

After Grice finished, defendant said that they should make a pact of silence by cutting the victim. Johnson cut the victim's left arm three times, defendant cut her right arm three times, and Grice made two cuts and two scratches on the left arm. They then threw the body into some brush down the creek bank.

When the victim was found, she had hemorrhages in her eyes, had bitten her tongue, and had injuries around her neck consistent with a shirt being twisted around her neck. The cause of death was strangulation. The wounds on her arms had been inflicted with a knife after the victim expired. A pelvic examination revealed injuries consistent with forcible rape. DNA tests were performed on material on a swab taken from the victim's vagina. Defendant's genetic profile matched that of the material on the swab. Christopher Johnson contacted the police after the victim was found and eventually confessed his and defendant's involvement in the crime. After a jury trial, defendant was found guilty of second degree murder and forcible rape.

In his first point on direct appeal, defendant contends the trial court plainly erred in denying his motion to proceed pro se at trial.[1] Defendant asserts that because the trial court found him competent to stand trial and that competency standard is the same to waive counsel, he was denied his constitutional right to conduct his own defense. In reviewing for plain error, we will grant relief only if defendant shows that a miscarriage of justice or manifest injustice would occur if the error is left uncorrected. Rule 30.20.

It is well established that a defendant in a criminal trial is entitled to be represented by counsel at trial. *State v. Watson,* 716 S.W.2d 398, 402 (Mo.App.1986). A defendant has an equally protected right to represent himself or herself at trial. *Faretta v. California,* 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541–42, 45 L.Ed.2d 562 (1975). However, the right to self-representation is not unconditional. *State v. Herron,* 736 S.W.2d 447, 449 (Mo.App.1987). For a defendant to effectively waive his right to counsel and proceed pro se, the record must show he was offered counsel but he voluntarily, knowingly, and intelligently rejected the offer and waived that right. *State v. Watson,* 687 S.W.2d 667, 669 (Mo.App.1985). "To be valid such waiver must be made with an apprehension of the nature of the charges; the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Id.,* quoting *Von Moltke v. Gillies,* 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948). (Emphasis omitted.) "The test for determining if the waiver is made intelligently and knowingly depends on the 'particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused.'" *State v. Hunter,* 840 S.W.2d 850, 858 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993).

At the hearing on defendant's motion to proceed pro se, the trial court questioned

---

1. Defendant acknowledged that this allegation of error was not contained in his motion for new trial.

defendant on his educational background and his knowledge of science and the law. Defendant had already been found competent to stand trial at a prior hearing. The record shows that defendant understood the charges, the range of punishment, and his rights to representation and a jury trial. However, defendant had no prior contact with the criminal justice system and possessed a rudimentary understanding of the law. Defendant displayed little knowledge or understanding of the technical nature of the evidence to be presented at his trial.

> TRIAL COURT: Do you understand the highly technical aspect of this trial? That is all based on scientific evidence? Do you understand that?
>
> DEFENDANT: That's what it would be based on, I guess.
>
> Q: That's right. Do you feel capable of handling this highly technical scientific evidence?
>
> A: Yes, because there is none.

In addition, defendant had not been aware that he could not claim ineffective assistance of counsel after proceeding pro se. Finally, defendant did not know the consequences of proceeding pro se.

> Q: Mr. Funke, do you realize that the last two people who elected to represent themselves in this jurisdiction received the death penalty by the jury and that death penalty was imposed by the judge. Do you know that?
>
> A: No, I wasn't aware of that.

While the level of competency required to stand trial is the same to proceed pro se, *State v. Wise,* 879 S.W.2d 494, 507 (Mo. banc 1994), we conclude that the trial court did not plainly err in finding that defendant did not knowingly, voluntarily, and intelligently waive his right to counsel. Point denied.

In his next point, defendant alleges that the trial court erred in denying his request for a *Frye* hearing for DNA testing and that the trial court abused its discretion in admitting the DNA and statistical evidence because the prejudicial impact of the flawed testing methodology outweighed the probative value of the evidence.

First, defendant acknowledges that this court has held in *State v. Davis,* 860 S.W.2d 369, 374 (Mo.App.1993), that a *Frye* hearing on the admissibility of DNA evidence is no longer required, based on *State v. Davis,* 814 S.W.2d 593, 603 (Mo. banc 1991), *cert. denied,* 502 U.S. 1047, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992). We decline defendant's invitation to reconsider *Davis.*

■ Second, defendant recognizes that, as DNA testing is admissible, "the manner in which the tests were conducted goes more to the credibility of the witness and the weight of the evidence which is in the first instance a discretionary call for the trial court and ultimately for the jury." *Id.* at 603. The trial court has discretion to admit or exclude an expert's testimony. *Id.* The trial court did not abuse its discretion in admitting the DNA evidence.

*Third,* defendant attacks for the first time on appeal, the statistical evidence testified to by Dr. Robert Allen who performed the tests. There was no plain error in the admission of the testimony. Point denied.

In his last point on direct appeal, defendant claims that the trial court plainly erred in admitting autopsy photographs, state's exhibits 21–27. Defendant argues that the probative value of the photographs was outweighed by their prejudicial effort in that they were cumulative, repetitious, gruesome, and unduly inflammatory. Defendant admits that exhibits 21–25 were not objected to at trial, and the objections to exhibits 26 and 27 were not preserved in his motion for new trial.

First, when exhibits 21–25 were offered in evidence, defendant's trial counsel acquiesced in their admission by stating, "No objection." "The established rule in Missouri holds that stating 'no objection' when evidence is introduced constitutes an affirmative waiver of appellate review of the issue." *State v. Zelinger,* 873 S.W.2d 656, 660 (Mo.App.1994). Therefore, the allegations of error for exhibits 21–25 do not qualify for plain error review.

The other photographs about which defendant complains, state's exhibits 26 and 27, are photographs of the injuries inflicted to

the victim's left arm and right arm, respectively. Defendant asserts that there was no valid reason justifying their admission and the state's sole purpose in tendering those exhibits was to inflame the jury.

■ Photographs are relevant and admissible "to show the nature and condition of the body, the nature and condition of the wounds, to aid the jury in understanding the testimony of the medical examiner, to corroborate testimony of various state's witnesses, and to aid the state in establishing an element of its case." *State v. Feltrop*, 803 S.W.2d 1, 10–11 (Mo. banc 1991) *cert. denied*, 501 U.S. 1262, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991). These standards apply although the photographs may be gruesome. *Id.*

■ In this case, Christopher Johnson testified that after Jeff Grice finished raping the victim, defendant stated that they should all cut the victim for a pact of silence. Johnson testified that he cut the victim's left arm three times, defendant cut the victim's right arm three times, and Grice made two cuts and two scratches to the victim's left arm. The photographs at issue corroborate the testimony of Christopher Johnson, the state's principal witness, whose credibility was at issue. The trial court did not plainly err in admitting state's exhibits 26 and 27. Point denied.

In his first point on appeal for post-conviction relief, defendant contends that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because trial counsel was ineffective for failing to call as witnesses Jeffrey Grice, Bruce Barnes, and Mark Schwartz. Defendant asserts that Grice would have testified and impeached the testimony of Christopher Johnson, and Barnes and Schwartz would have testified that defendant was playing cards with them at the time of the murder.

■ Our review of a 29.15 motion is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 29.15(j); *State v. Adkins*, 867 S.W.2d 262, 266 (Mo. App.1993). Such findings and conclusions are deemed clearly erroneous if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.*

■ To be entitled to an evidentiary hearing, (1) a movant must allege facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice the movant. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). An evidentiary hearing is not required if the files and records of the case conclusively show that the movant is entitled to no relief. *Id.*

■ To establish ineffective assistance of counsel, defendant must show that his counsel failed to conform his representation to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 694 (1984). To show prejudice, there must be a reasonable probability that but for counsel's ineffectiveness, the result would have been different. *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068.

■ To demonstrate ineffective assistance of counsel for failing to call a witness, the movant must show that the witness could have been located through reasonable investigation, the witness would have testified, and the testimony would have provided a viable defense. *State v. Schaefer*, 855 S.W.2d 504, 509 (Mo.App.1993). As a general rule, the decision to call a certain witness is a matter of trial strategy and will not support a finding of ineffective assistance of counsel. *Id.* An attorney's decision not to call a witness is virtually unchallengeable. *Id.*

In his Rule 29.15 amended motion, defendant alleged that he "informed trial counsel of Mr. Grice, who is ... co-defendant in this case. Had Mr. Grice been called to testify, he would have told the jury Chris Johnson did not introduce him to [defendant]. [Defendant] was prejudiced by trial counsel's failure to call Mr. Grice, because it showed just one more instance of the fact Chris Johnson could not tell the truth."

 Failure to call impeachment witnesses does not warrant post-conviction relief because the facts, even if true, do not establish a defense. *State v. Day*, 859 S.W.2d 194, 196 (Mo.App.1993). Defense counsel was not ineffective for failing to call a witness who would have impeached Johnson's testimony on a collateral matter.

Regarding Barnes and Schwartz, defendant claims that they would have testified that defendant arrived at Barnes's home somewhere between 9:30 and 11:00 p.m. to play cards, and that defendant's clothing did not have blood or mud on them.

 The trial court found that such testimony would have been cumulative and would not have provided a viable defense. We agree. Dan Petrich testified that he saw defendant at Barnes' home between 9:30 and 10:30 p.m. and that he did not notice any mud or blood on defendant. This is the same testimony defendant alleges Barnes and Schwartz would have made. In addition, the testimony would not have provided a viable defense. Christopher Johnson testified as to defendant's involvement in the rape and murder. The DNA tests revealed a match between defendant and the material on the swab taken from the victim. The findings and conclusions of the motion court are not clearly erroneous.

In his final point, defendant contends on appeal that trial counsel was ineffective for failing to object and preserve for appellate review in the new trial motion the admission of state's exhibits 21–27. In his motion for post-conviction relief, defendant stated that "[t]rial counsel was ineffective for failing to include in the motion for new trial an allegation of trial court error in overruling the objection to State's exhibits 21–27."

 First, the allegation of error regarding counsel's failure to object to the photographs was not in defendant's motion, and thus is waived. Second, the motion court found that "as the filing of the motion for a new trial was a post-trial matter, failure to include certain matters did not and could not affect the outcome of the trial or deprive the movant of a fair trial." We agree. Post-conviction relief for ineffective assistance of counsel is limited to errors which prejudiced the defendant by denying the right to a fair trial. *State v. Loazia*, 829 S.W.2d 558, 569 (Mo.App.1992). The findings and conclusions of the motion court are not clearly erroneous. Point denied.

The judgments of the trial court and motion court are affirmed.

SIMON and KAROHL, JJ., concur.