**Andre EVANS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 75812.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 11, 2000.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before WILLIAM H. CRANDALL, Jr., P.J., KENT E. KAROHL, J. and MARY K. HOFF, J.

*ORDER*

PER CURIAM.

Andre Evans appeals judgment following the jury convictions and sentencing on the charges of first degree burglary in violation of section 569.160 RSMo 1994 (Count I), forcible rape in violation of section 566.030 RSMo 1994 (Count II), armed criminal action in violation of section 571.015 RSMo 1994 (Counts III and V), and forcible sodomy in violation of section 566.060 RSMo 1994 (Count VI). Defendant complains that the trial court plainly erred in overruling defense counsel's objections to testimony of a physician about the absence of physical trauma exhibited

by the victim where the alleged rape was facilitated by the use of a weapon.

 It is generally accepted that a physician may give an opinion in a rape case when he relies on his background, experience and training. *State v. Schaefer,* 855 S.W.2d 504, 507 (Mo.App. E.D.1993). The physician's opinion testimony that it was not unusual to find no signs of trauma "in a situation of a gun being used during a rape." The testimony was before the jury prior to an untimely objection. Thereafter, the physician explained his answer, "[people are] going to comply if they're being threatened." The testimony did not invade the province of the jury. It made the ultimate determination that the victim had been raped at gunpoint based on the victim's testimony and DNA evidence. We have reviewed the briefs of the parties and the record on appeal and find that no error of law appears. An extended opinion would serve no jurisprudential purpose. We affirm the judgment pursuant to Rule 30.25(b).