

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MELINDA TILLITT, | ) | |
| | ) | |
| Appellant, | ) | WD86769 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | January 21, 2025 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Macon County, Missouri**
**The Honorable Frederick P. Tucker, Judge**

**Before Division Four:** Anthony Rex Gabbert, Chief Judge, Presiding,
Karen King Mitchell and W. Douglas Thomson, Judges

Melinda Tillitt appeals, following an evidentiary hearing, the denial of her Rule 29.15[1] motion for post-conviction relief. Tillitt raises four points on appeal. In Points I and II, she argues that trial counsel was ineffective in failing to object to two verdict directors (Instructions 14 and 16) on grounds that they each denied her right to a unanimous jury verdict. In Points III and IV, she argues that resentencing counsel was

---

[1] All rules references are to the Missouri Supreme Court Rules (2023), unless otherwise noted.

ineffective in failing to present mitigation evidence through both the testimony of a psychologist and Tillitt's mental health records. Finding no error, we affirm.

**Background**

In September 2016, following a jury trial, Tillitt was convicted of four counts of first-degree statutory sodomy as to one of her twin daughters (Victim 1) and one count of first-degree statutory sodomy and one count of first-degree child molestation as to the other twin daughter (Victim 2). Tillitt was sentenced to consecutive fifteen-year sentences on all six counts, for a total of ninety years. Her conviction was affirmed on direct appeal but remanded for a sentencing error.[2] On resentencing in September 2018, the court imposed the same sentences, again to run consecutively.

The verdict directors at issue, Instructions 14 and 16, concerned the charges as to Victim 2. Instruction 14 directed the jurors that, to convict on Count V, they must find that, "between 2007 and June 26, 2011, . . . [Tillitt] knowingly performed oral sex on [Victim 2]." Instruction 16 directed the jurors that, to convict on Count VI, they must find that "between 2007 and June 26, 2013, . . . [Tillitt] touched the genitals of [Victim 2]." Neither instruction specified an address at which the alleged act took place.

At trial, Victim 2 testified that her mother abused her "almost every day." She testified that it began when she was "five or six" years old, while her family was living in a mobile home, with Tillitt touching her chest and vagina, "put[ting] her fingers inside

---

[2] *State v. Tillitt*, 552 S.W.3d 571, 581-82 (Mo. App. W.D. 2018) (finding error in sentencing based on incorrect legal assumption that consecutive sentences were mandatory).

me." She testified that the family moved from the mobile home to other houses, including one referred to as "E.W." Street. Victim 2 testified that, at E.W. Street, Tillitt got into the bathtub with Victim 2, where Tillitt (1) touched Victim 2 "on my chest and on my vagina with her fingers and her mouth"; (2) put her mouth on Victim 2's vagina and "used her tongue and wiggled it around inside of my vagina"; and (3) forced Victim 2 under the water and "made me put my mouth on [Tillitt's] vagina." She testified that Tillitt, with her fingers, touched Victim 2's vagina "more times than I can count" in various rooms of the E.W. residence and that Tillitt continued touching Victim 2's vagina with her hand and fingers when the family moved to other houses in the area. She testified about another incident, after the family moved from the "E.W." address, when Tillitt "touched me on my chest and vagina with her fingers and her mouth" in the bedroom.

In closing argument, the State told the jury that the conduct on which Count V (statutory sodomy) was based occurred "in that house [on E.W.]," where Defendant "perform[ed] oral sex on [Victim 2], sticking her tongue in [Victim 2's] vagina and wiggling it around." As to Count VI (child molestation), the State told the jury that Tillitt had touched Victim 2's genitals "many times in all those different houses that they lived in" and that this touching had occurred "basically as long as [Victim 2] could remember."

In November 2016, at the first sentencing hearing, Tillett's counsel presented the following five witnesses: Tillitt, Psychologist 1 (who examined Tillitt after her conviction), the probation and parole officer who signed the Sentencing Assessment Report (SAR), Tillitt's older daughter, and Tillitt's mother-in-law. Psychologist 1

3

testified that Tillitt told him about being raised in an abusive home and that she had been raped. He also testified that, according to records he reviewed from Tillitt's post-conviction hospitalization, she had been diagnosed with "borderline personality traits" including "mood instability" and "suicidal gestures" but had received no diagnoses or treatment for mental illness before that point. He concluded that, based on his review of Tillitt's case (including the Information and his interview with Tillitt) and expert studies on female sex offender recidivism, Tillitt had a "very low" risk of reoffending.

In September 2018, following remand, the circuit court held a second sentencing hearing, at which Tillett's counsel presented three witnesses: Tillitt's older daughter, mother-in-law, and former employer. Before pronouncing sentence, the court noted its recent review of Tillitt's SAR, which included as "other assessment factors" that Tillitt was abused by her father and stepfather and had been diagnosed with serious mental health issues. The circuit court again sentenced Tillitt to six consecutive fifteen-year prison terms.

Tillitt's amended Rule 29.15 motion, filed August 13, 2021, included the following claims relevant to this appeal:

1. That trial counsel was ineffective for failing to raise, in Tillitt's motion for new trial, the point that Tillett was deprived of her right to a unanimous jury verdict on Counts V-VI because Instruction 14 did not identify the specific incident of oral-to-genital contact and Instruction 16 did not identify the specific incident of touching Victim 2's genitals;

2. That resentencing counsel was ineffective in failing to investigate and present expert testimony about the "dynamics of sexual abuse in families as well as [Tillitt's] ability for successful treatment," when such would have been "reliable mitigation evidence"; and

4

3. That resentencing counsel was ineffective in failing to investigate and present Tillitt's "medical, psychiatric, jail, and Department of Corrections records at sentencing," when such documents would have shown her mental health disorders and her performance while incarcerated, all in mitigation of her sentence.

At the August 31, 2023 evidentiary hearing, Tillitt's counsel presented evidence from Psychologist 2, who had performed a mental health evaluation of Tillitt and offered his opinion that Tillitt was unlikely to reoffend.

The court denied the motion, and this appeal followed.

## Analysis

Tillitt raises four claims of ineffective assistance of counsel. In Points I and II, she argues that trial counsel was ineffective in failing to object to two verdict directors (Instructions 14 and 16) on the ground that they each denied her right to a unanimous jury verdict. In Points III and IV, she argues that resentencing counsel was ineffective in failing to present mitigation evidence through both the testimony of a psychologist and Tillitt's mental health records. Finding no error, we affirm.

"Our review of the motion court's denial of a Rule 29.15 post-conviction motion is 'limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous.'" *Shaw v. State*, 636 S.W.3d 596, 599 (Mo. App. W.D. 2021) (quoting Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, [we are] left with the definite and firm impression that a mistake has been made." *Id.* (quoting *Webber v. State*, 628 S.W.3d 766, 770 (Mo. App. W.D. 2021)). "The motion court's findings are presumed correct." *Davis v. State*, 486 S.W.3d 898, 905 (Mo. banc 2016). Those findings are given "special weight" when, as here, "the motion court also

5

was the trial court." *Joos v. State*, 277 S.W.3d 802, 804 (Mo. App. S.D. 2009). We also defer to "the motion court's superior opportunity to judge the credibility of witnesses." *Wynes v. State*, 628 S.W.3d 786, 794 (Mo. App. W.D. 2021) (quoting *Davis*, 486 S.W.3d at 905).

To prevail on a claim of ineffective assistance of counsel, the defendant must establish that his counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus, under *Strickland*, the movant must prove that (1) "counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) [movant] was prejudiced by that failure." *Johnson v. State*, 388 S.W.3d 159, 163 (Mo. banc 2012) (citing *Strickland*, 466 U.S. at 687). "To establish *Strickland* prejudice, 'a movant must show a reasonable probability that, but for counsel's errors, the outcome would have been different.'" *Hoeber v. State*, 488 S.W.3d 648, 655 (Mo. banc 2016) (quoting *Dorsey v. State,* 448 S.W.3d 276, 287 (Mo. banc 2014)). "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Dorsey*, 448 S.W.3d at 287). Because both *Strickland* prongs are required to establish ineffective assistance of counsel, "if the movant fails to satisfy one prong, we need not address the other." *Libeer v. State*, 686 S.W.3d 309, 314 (Mo. App. W.D. 2024).

## I. Tillitt waived her claim that trial counsel was ineffective for not objecting to Instructions 14 and 16 (Points I and II).

Tillitt waived her ineffective assistance claims based on counsel's *failure to object to jury instructions at trial* because her Rule 29.15 motion alleged ineffective assistance in *failing to raise instructional error in the motion for new trial*. Although the substantive claim is based on the same issue—jury unanimity—the claims differ in several ways.

First, objections at trial and post-trial motions have different purposes and burdens of proof. A claim of instructional error at trial requires proof of the instruction's "potential for confusing or misleading the jury." *State v. Dismang*, 151 S.W.3d 155, 164 (Mo. App. S.D. 2004). Post-trial motions require proof that, "but for the alleged errors of counsel, the trial court would have granted the relief requested": reversal and a new trial. *Everage v. State*, 229 S.W.3d 99, 103 (Mo. App. W.D. 2007). And "[p]ost-conviction relief for ineffective assistance of counsel is limited to errors [that] prejudiced the defendant by denying the right to a fair trial." *State v. Funke*, 903 S.W.2d 240, 246 (Mo. App. E.D. 1995). Because they are raised post-trial, such motions "could not affect the outcome of the trial or deprive the movant of a fair trial." *Id.* The differences in the trial court's "opportunity" to correct the error are also obvious: a timely objection at trial to an instruction allows the court to consider suggested changes and prevent error, whereas the motion for new trial is presented after the alleged error has been made and thus a correction would require a new trial. *See id.*

In addition, the timely objection to an instruction at trial is an essential prerequisite to the inclusion of instructional error in a new trial motion. *State v. Schneider*, 678 S.W.3d 493, 508-09 (Mo. App. E.D. 2023) (holding that, to preserve a claim of instructional error, counsel must "object[] at trial [and] raise the same issue in a motion for new trial"). The failure to make the timely objection waives the right to complain of instructional error in a motion for new trial. *Id.* at 509.

Tillett's Rule 29.15 motion was clearly directed at obtaining a new trial—not challenging trial counsel's failure to object before submission of the case to the jury—because the motion alleged that, "had this claim of error been raised, the trial court would have been obliged to set aside the convictions." But Tillett's motion could not succeed because it was too late for Tillitt's trial counsel to raise the unanimity claim in her motion for new trial. Tillitt's motion was subject to the burden of proving prejudice by showing that trial counsel's error deprived her of a fair trial. As Tillitt's brief appears to recognize, the only mistake by trial counsel that could support a prejudice argument was counsel's failure to object to the instructions. Because Tillitt's rule 29.15 motion did not raise that claim as to either Instruction 14 or 16, those claims are waived. Points I and II are denied.

## II.    Tillitt waived her claim that resentencing counsel was ineffective for not calling a psychologist to testify at Tillitt's resentencing (Point III).

As stated above, defects in a Rule 29.15 motion cannot be remedied by "the presentation of evidence and refinement of a claim on appeal." *Johnson v. State*, 333 S.W.3d 459, 471 (Mo. banc 2011). And testimony that attempts to refine or change the

8

grounds stated in a Rule 29.15 motion is improperly admitted because "[i]ssues cannot be tried by consent of the parties in Rule 29.15 hearings." *State v. Jacobs*, 861 S.W.2d 621, 626 (Mo. App. W.D. 1993) (finding that the motion court "erroneously allowed [movant] to present evidence on [a] new issue" that had not been raised in the post-conviction motion).

Tillett's amended Rule 29.15 motion complained about the lack of expert testimony concerning the "dynamics of sexual abuse in families" and Tillitt's "ability for successful treatment," but Point III argues that the need for expert testimony was about Tillitt's "low risk of reoffending." Although the motion court heard testimony from Psychologist 2 about Tillett's low risk of reoffending, the court also recognized in its order denying the Rule 29.15 motion that Tillitt "[did] not identify in any manner recidivism information as the type of testimony lacking in this case." Because the claim presented in Point III was not raised in the Rule 29.15 motion, it is waived, and Point III is denied.

## III. Tillitt was not prejudiced by resentencing counsel's failure to present mental health evidence (Point IV).

Tillitt bases this ineffective assistance claim on the allegation in her Rule 29.15 motion that, at the September 2018 resentencing hearing, counsel failed to present Tillitt's "medical, psychiatric, jail, and Department of Corrections records," which would have informed the court about her "mental health disorders" and "performance while in prison and her work toward her degree." At the Rule 29.15 evidentiary hearing, Tillitt presented evidence on this point through the testimony of Psychologist 2, which

9

primarily concerned his 2022 evaluation and assessment of Tillitt for mental health issues and recidivism, rather than the records that were ostensibly the basis of this point.

Tillitt does not explain how she was prejudiced by resentencing counsel's failure to offer this evidence at the resentencing hearing. She argues only that counsel did not adequately prepare for the resentencing hearing, with the conclusory allegation that she was "denied effective assistance to her prejudice." However, "[c]onclusory post-conviction allegations of prejudice without specific evidence showing how the alleged deficient performance would have led to a likely different result are insufficient to establish ineffective assistance of counsel." *Butler v. State*, 557 S.W.3d 427, 437 (Mo. App. W.D. 2018). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strong v. State*, 263 S.W.3d 636, 647 (Mo. banc 2008) (quoting *Strickland*, 466 U.S. at 697).

The motion court did not err in finding Tillitt failed to prove prejudice. In this case, the motion court was also the trial court. Before Tillitt was sentenced the first time, the court reviewed the SAR and heard testimony from Psychologist 1 about Tillitt's abusive upbringing and her mental health issues. The motion court stated plainly that hearing evidence at the second sentencing hearing of Tillitt's mental health disorders would not have changed the result: "This Court can state with certainty that none of these records would have affected the sentence imposed by this Court." Moreover, the motion court noted that, "[a]fter hearing [from Psychologist 1], this Court imposed the very same sentence Movant is now serving, thus verifying this Court's opinion that such testimony

10

would not (because it did not) affect the outcome of the sentencing hearing." Because there was no reasonable probability of a different sentence from the evidence complained of in Point IV, no prejudice resulted. Point IV is denied.

## Conclusion

Because no clear error appears in the record to support any of the points raised, the judgment of the motion court denying Tillitt's Rule 29.15 motion is affirmed.

_____
Karen King Mitchell, Judge

Anthony Rex Gabbert, Chief Judge, Presiding and W. Douglas Thomson, Judge, concur.