**STATE of Missouri, Respondent,**

v.

**David KALTER, Appellant.**

**No. 59611.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 6, 1992.

Craig A. Johnston, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

STEPHEN N. LIMBAUGH, Jr., Special Judge.

Appellant, David Kalter, was convicted of forcible rape, § 566.030 [1] and two counts of forcible sodomy, § 566.060. The trial court, following the jury's recommendation, sentenced Kalter to 45 years, five years, and life imprisonment to be served consecutively. Kalter's two complaints are (1) that the State used its peremptory strikes to exclude blacks from the jury contrary to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and (2) that the trial court erred by failing to grant a mistrial because of the prosecutor's improper closing argument. We affirm in part and remand in part.

[1]. All statutory references are to RSMo 1986.

At trial, of the first 24 qualified jurors from which peremptory strikes were to be made, 13 people were white and 11 people were black. The State used all six of its six strikes to eliminate blacks. The defendant, a white person, did not strike any black panelists, thereby leaving a jury of seven whites and five blacks. When defendant moved to quash the jury panel pursuant to *Batson, supra,* both the prosecutor and the trial court indicated that *Batson* principles do not apply when the defendant is not "a member of cognizable racial group." The prosecutor did not give any reason for his peremptory strikes other than to state "for the record that none of [his] strikes were racially motivated," and the trial court did not question him further.

In *Batson,* the United States Supreme Court declared, "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Batson,* 476 U.S. at 89, 106 S.Ct. at 1719. Procedurally, the defendant must first make a prima facie showing that the State used its peremptory challenges to eliminate members of a "cognizable racial group" from the jury. The burden then shifts to the State to prove by neutral explanations that its strikes were not racially motivated. *Batson,* 476 U.S. at 96–98, 106 S.Ct. at 1722–1724.

The Supreme Court recently elaborated on *Batson* principles in *Powers v. Ohio,* 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), decided after Kalter's trial. Noting that "racial discrimination in the qualification or selection of jurors offends the dignity of persons and the integrity of the courts," *Powers,* 111 S.Ct. at 1366, the court ruled that prospective jurors have the right not to be excluded from the jury solely on the basis of their race. Therefore, it is irrelevant whether the defendant is a member of a cognizable racial group or whether the stricken venire members are of the same race as the defendant.

*Id.* at 1370. It follows that even white defendants, like Kalter in this case, have standing on behalf of black venirepersons to assert their right to be free from discrimination in the jury selection process. *Id.* at 1374.

Since *Powers,* we have remanded several cases involving white defendants where the trial court failed to ask the State its reasons for peremptorily striking black jurors. *State v. Meyers,* 811 S.W.2d 400 (Mo.App. 1991); *State v. Pullen,* 811 S.W.2d 463 (Mo.App.1991); *State v. Hudson,* 815 S.W.2d 430 (Mo.App.1991). This case is no different. The prosecutor's use of all six peremptory challenges against blacks from a list that included 13 whites and 11 blacks is arguably a prima facie showing of discrimination. The record reveals no evidence to the contrary other than the prosecutor's insufficient and conclusory comment that the strikes were not racially motivated. Under *Batson* and now under *Powers,* the burden shifts to the State to articulate neutral, non-discriminatory reasons for its strikes. We remand for that purpose.

Kalter's remaining contention is that the trial court erred by not declaring a mistrial sua sponte during closing argument when the prosecutor stated facts not in evidence, personalized the case to the jury, and urged that defendant would be a danger to "helpless women" in the future. These points were not raised in the motion for new trial as required by Rule 29.11(d). Therefore, our only review is for plain error, and reversal is warranted only where "manifest injustice or miscarriage of justice" would otherwise result. Rule 30.20. Moreover, statements made in closing arguments seldom amount to plain error necessitating reversal. *State v. Jones,* 788 S.W.2d 749, 752 (Mo.App.1990).

■ Our perusal of the transcript reveals that the only questionable remark was the plea for three life sentences so that defendant "can never do that to a helpless woman again." Kalter argues that a prosecutor's speculation about a defendant's propensity to commit crimes in the future is error. *State v. Raspberry,* 452 S.W.2d 169, 172 (Mo.Div. 1 1970); *State v. Heinrich,* 492 S.W.2d 109, 114 (Mo.App.1973). This rule is one of several designed to preclude argument that "goes beyond bounds so as to excite and inflame passion or prejudice." *State v. Long,* 768 S.W.2d 664, 666 (Mo.App.1989). But, reversal will be required only where the prohibited remark had a decisive effect on the verdict. *Id.*

■ Other than the prosecution's lone comment, there was no focus or emphasis on the idea that defendant may commit crimes in the future. Nor is the remark couched in language that would tend to instill some personal fear in the jurors. And given the brevity of the remark, especially in the context of the whole argument, it is doubtful that it would have induced the kind of passion and prejudice the rule seeks to prevent. Thus, we cannot say that defendant suffered prejudice or that the outcome of the verdict would have been different. Moreover, the evidence against Kalter was overwhelming. Certainly there has been no "manifest injustice" to invoke the plain error rule.

Having reviewed all other comments of the prosecutor, we are convinced that he did not exceed the proper bounds of argument. An extended opinion on those matters would have no precedential value.

The case is remanded for an evidentiary hearing to determine whether the State used its peremptory strikes to exclude blacks in contravention of *Batson.* In all other respects the convictions are affirmed.

CRANDALL, P.J., and SATZ, J., concur.