STATE of Missouri, Respondent,

v.

John C. WOLF, Appellant.

No. SD 30500.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 17, 2010.

Ellen H. Flottman, Columbia, for Appellant.

Chris Koster, Atty. Gen., Timothy A. Blackwell, Asst. Atty. Gen., Jefferson City, for Respondent.

DANIEL E. SCOTT, Chief Judge.

John Wolf appeals a child molestation conviction. His claim of improper closing argument is not preserved for review and would not merit relief in any event.

### Background

We need only note the following. The trial's guilt phase lasted one long day. Wolf did not testify. The state's critical evidence was the child victim's in-court testimony and a DVD of her earlier disclosures to a forensic interviewer. Both parties' closing arguments focused on the victim's testimony and credibility. The jury deliberated about two hours and asked for clarification of the timeline of events and to see the DVD again before finding Wolf guilty.

The sole point on appeal cites this exchange during rebuttal closing:

PROSECUTOR: ... What you can do is find this defendant guilty and make him face what he did and also along the way make sure there's not another little girl out there.

DEFENSE ATTORNEY: Objection, Your Honor.

COURT: Overruled.

PROSECUTOR: Make no mistake, it doesn't just happen once. Make no mistake, a bunch more victims are out there waiting.

DEFENSE ATTORNEY: Objection, Your Honor.

COURT: Overruled.

Wolf's new trial motion, in pertinent part, charged trial court error "in not sua sponte admonishing the State" for improper closing argument.

## Analysis

■■■ "It is universally held in Missouri" that objections to arguments or statements of counsel must be specific and "call the attention of the Court to the ground or reason for the objection." *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974). "The trial court must be given an opportunity to rule upon an objection giving stated reasons for exclusion. And the point raised upon appeal must be based upon the theory of the objection as made at the trial." *Id.*; *see also State v. Sheridan*, 188 S.W.3d 55, 63 (Mo.App.2006). "Simply stating the word, 'objection,'" as happened here, "preserves nothing for appellate review." *State v. Overton*, 261 S.W.3d 654, 666 (Mo.App.2008). When a claim regarding closing arguments is not preserved, our review, if any, is limited to plain error. *Sheridan*, 188 S.W.3d at 62.

■■■ Further, the new trial motion claim of error (no *sua sponte* admonishment) was not the point now raised.[1] A defendant cannot broaden or change allegations of error on appeal. *Overton*, 261 S.W.3d at 663 n. 6. The point raised on appeal must be based upon the same objection preserved in the motion for new trial. *Id.* We will not convict a trial court of an error it was given no opportunity to correct. *Id.*

■■■ Wolf's point thus merits plain error review at best. Such relief is rarely granted as to closing arguments (*Dixon*, 70 S.W.3d at 550) and has been refused as to statements more pointed than those here. *See, e.g., Dixon*, 70 S.W.3d at 543, 549–50 (urging jury to send defendant "to prison for the rest of his life so he's not out raping any other little girls"); *State v. Brass*, 781 S.W.2d 565, 567 (Mo.App. 1989)("I don't want his penis in another child's mouth").[2] As in *Lang*, 515 S.W.2d at 512, Wolf "has not asked that we consider the prosecutor's argument as plain error, but in any event we could not find here that 'manifest injustice' resulted."

■■■ Even had the point been preserved, it was no abuse of discretion to overrule nonspecific objections to the brief, ambigu-

---

1. It also was inconsistent with established law, so we cannot fault the trial court for denying it. *See, e.g., State v. Perry*, 275 S.W.3d 237, 245–48 (Mo. banc 2009)(rejecting claim that trial court should have acted *sua sponte* during closing argument); *State v. Rhodes*, 988 S.W.2d 521, 526–27 (Mo. banc 1999)(same). *See also State v. Dixon*, 70 S.W.3d 540, 550 (Mo.App.2002).

2. *State v. Cruz*, 971 S.W.2d 901, 904 (Mo.App. 1998) notes that reversals for improper argument usually involve egregious situations such as a prosecutor persisting in inappropriate comments despite the trial court's repeated orders to stop. By contrast, these challenged comments were brief, ambiguous, and not the focus of the argument.

ous comments now challenged. Wolf claims the state was improperly portraying him as a future danger, but the prosecutor never so stated or said Wolf would harm other girls. Wolf's current interpretation may be a possibility, but another is that the state was urging jurors to uphold the law and protect children from sexual predation, which is an appropriate argument. *See, e.g., State v. Collins,* 150 S.W.3d 340, 354 (Mo.App.2004). *See also State v. Willis,* 764 S.W.2d 678, 680 (Mo.App.1988)(permissible to argue necessity for law enforcement, jurors' duty to convict the defendant to prevent crime, and results to society of failure to uphold the law).[3] Trial courts have broad discretion to control closing arguments and prosecutors are allowed wide latitude in summation; only if the argument was plainly unwarranted and prejudicially affected the jury's determination will an abuse of trial court discretion be found. *Willis,* 764 S.W.2d at 680. Wolf has not shown either of these.

### Conclusion

The closing arguments focused on the victim's testimony and credibility. The challenged comments were brief, ambiguous, not emphasized, and could have been intended and taken as appropriate argument. Especially in these circumstances, when an "objection" was made with no explanation or reason, the trial court did not plainly or otherwise err in overruling it. We affirm the judgment and conviction.

RAHMEYER, P.J., and BATES, J., concur.

---

**3.** Such cases also dispose of Wolf's suggestion that the prosecutor improperly urged jurors to convict based upon protection of society in general rather than on the evidence.