STATE of Missouri, Plaintiff–
Respondent,

v.

Shane A. VORHEES, Defendant–
Appellant.

No. SD 30598.

Missouri Court of Appeals,
Southern District,
Division Two.

June 17, 2011.

Margaret M. Johnston, Columbia, MO, for Appellant.

James B. Farnsworth, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Shane A. Vorhees ("Appellant") was convicted, following a jury trial, of one count of statutory rape in the first degree, a violation of section 566.032.[1] Appellant was sentenced to life imprisonment on the charge. Appellant contends the trial court plainly erred by: (1) overruling his objection to the State's question to an investigating officer concerning the officer's belief that the child had been sexually abused; and (2) failing to, *sua sponte,* declare a mistrial when the prosecutor made a statement in closing argument that Appellant claims improperly referred to Appellant's potential for danger in the future. Appellant contends that those al-

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

leged errors violated his right to due process and right to a fair trial. We find no error and affirm the conviction.

Appellant does not challenge the sufficiency of the evidence to sustain his conviction. Accordingly, we set forth only those facts necessary to address Appellant's points. In doing so, we consider the facts and reasonable inferences derived therefrom in the light most favorable to the verdicts, and reject all contrary evidence and inferences. *State v. Newberry,* 157 S.W.3d 387, 390 (Mo.App. S.D.2005). In that light, the following evidence was adduced at trial.[2]

In 2003, Appellant married Victim's mother, G.V. ("Mother"). At that time, Victim was around twelve years of age.[3] Between 2003 and 2005, Appellant repeatedly sexually assaulted Victim. Victim initially told Mother and police investigator Margaret Flatt in 2004 that Appellant had been abusing her; however, she ultimately denied the abuse to officer Flatt and to Mother. Victim remained in the home with Appellant and eventually reported the abuse to her grandmother and to her dad. In 2005, another investigation took place, again with Officer Flatt. Officer Flatt at that time referred Victim to the Children's Advocacy Center, where she described in detail the multiple acts of sexual abuse Appellant subjected her to.

At trial, Appellant's theory of defense was that Victim fabricated the rape allegations because she was upset that Mother married Appellant. In support of that theory, evidence was introduced that Victim recanted the allegations at one point in time. The defense also argued that no physical evidence supported her allegations, and the investigation failed to seek out corroborating physical evidence. Additional pertinent facts are included below as we address Appellant's two points of error.

## Standard of Review

■■■ As conceded by Appellant, because trial defense counsel[4] failed to allege the trial court erred in overruling his objection to the State's question of an investigating officer regarding Victim's credibility in a motion for a new trial and failed to object to the prosecutor's statement during closing argument, our review on both points is for plain error. *State v. Solis,* 87 S.W.3d 44, 47–48 (Mo.App. W.D.2002); Rules 29.11(d) and 30.20.[5]

> This review involves a two-step process. First, we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted.... Absent a finding of facial error, an appellate court should decline its discretion to review the claim. If plain error is found, we proceed to the second step to consider whether the error actually resulted in manifest injustice or a miscarriage of justice.

*State v. Stallings,* 158 S.W.3d 310, 315–16 (Mo.App. W.D.2005) (internal citations omitted). The outcome of plain error review, furthermore, "depends heavily on the specific facts and circumstances of each case." *State v. Roper,* 136 S.W.3d 891, 900 (Mo.App. W.D.2004). Plain errors are "evident, obvious, and clear." *State v.*

---

2. For a more complete rendition of the facts, *see State v. Vorhees,* 248 S.W.3d 585, 586 (Mo. banc 2008).

3. The record does not indicate the month in 2003 the marriage occurred. Victim turned twelve in October 2003.

4. Appellant's counsel on appeal did not represent Appellant at trial.

5. All references to rules are to Missouri Court Rules (2011), unless otherwise specified.

*McLarty*, 327 S.W.3d 557, 564 (Mo.App. S.D.2010).

### Point I—Claim of improper opinion of Victim's credibility

■ We first address Appellant's allegation that Officer Flatt was improperly allowed to state her opinion that she believed that these things happened. Appellant takes Officer Flatt's statement out of context. The questions concerning what Officer Flatt believed commenced during questioning by defense counsel during cross-examination:

Q. The first interview in 2004 when she made the allegation against [Appellant] you believed her correct?

A. I don't set any opinion whether I believe or not I just wait until the investigation's done.

Q. And after she recanted did you believe her when she recanted?

A. Again I don't make an opinion until after I finish my investigation.

Q. When she made the allegation in 2005 did you believe her then?

A. I didn't know what to believe sir, I don't believe anybody until after I do the investigation.

Q. What sort of investigation did you do in this case?

A. First started with [Mother] and then interviewed [Victim] and sent her to a CAC office, sent her for a physical exam, a safe exam. Was unable to contact [Appellant] to interview him.

Q. Did you ever do an investigation at the house looking for any physical evidence?

A. Sir this happened in so many numerous spots I don't think and within such a long time frame, it would be very difficult to find any physical evidence.

Q. I take it that's a no, you did not?

A. No I did not.

The prosecutor then followed up these questions on redirect examination as follows:

Q. Ma'am [defense counsel] asked you if you believed this. After you completed your investigation?

A. Yes sir.

Q. Including observing the forensic interview by the professionals? A. Yes sir.

Q. And you did that through closed circuit t.v. so you didn't interfere in it?

A. Correct.

Q. You just observed it?

A. Yes sir.

Q. At that point did you have probable cause to believe that these things happened?

A. Yes sir.

Q. In fact did you complete the probable cause statement?

A. Yes sir I did.

Q. So in closing the investigation did you believe indeed that these things happened?

[defense counsel]: Objection her beliefs are irrelevant Your Honor.

THE COURT: Overruled.

Q. You may answer?

A. Yes I do believe that these things happened.[6]

(Sentence case adjusted to lower-case). It is clear from the questions that defense counsel attempted to leave the impression with the jury that Victim was not credible, including to the investigating officer. Defense counsel asked Officer Flatt whether

---

**6.** We have shown the transcript as printed without notations to grammatical errors.

she believed Victim when Victim reported the abuse in 2004, when Victim recanted after 2004, and when Victim reported the abuse for the second time, in 2005. Each time, Officer Flatt responded that she does not form any opinion until the conclusion of the investigation.

In this case, on cross-examination, Appellant's trial counsel repeatedly asked Officer Flatt if she believed Victim's allegations of sexual abuse. Defense counsel had the benefit of the fact that the investigation did not continue in 2004. The implication of the question concerning physical evidence is that the police officer did not believe the victim in 2004 and saw no need to do a further physical investigation even in 2005. Defense counsel noted the failure to search for physical evidence in his closing argument when he argued that Officer Flatt "just took [Victim's] words at face value and didn't even bother to try to corroborate" the allegations by searching for physical evidence.

Defendant injected the issue before the jury of whether Officer Flatt believed Victim's allegations. The State, thereafter, was allowed "to introduce otherwise inadmissible evidence to rebut or explain inferences raised by the first party's evidence." *State v. Taylor*, 298 S.W.3d 482, 493 (Mo. banc 2009), cert. denied, —— U.S. ——, 130 S.Ct. 3323, 176 L.Ed.2d 1226 (2010). Officer Flatt's response to defense counsel's line of questions was that she does not form an opinion on witness credibility until the investigation is concluded. That response, and defense counsel's cessation of that line of questioning following his elicitation of the fact that Officer Flatt did not look at the house for any physical evidence, arguably raised the inference that Officer Flatt did not find Victim's allegations credible. The prosecutor, on redirect, asked Officer Flatt whether she believed Victim's allegations upon completion

of the investigation. Officer Flatt responded that she did believe Victim, which rebuts the inference that the Officer did not find Victim credible.

The intent of defense counsel's questions was to adduce the same type of evidence that Appellant now contends is inadmissible; namely Officer Flatt's opinion of the credibility of Victim's allegations. *See State v. Colvin*, 312 S.W.3d 436, 441 (Mo. App. S.D.2010) ("where the defendant has injected an issue into a case, the State may then be allowed to admit otherwise inadmissible evidence showing that the inference arising or sought to be drawn from other evidence is not warranted."). In the context of the questions initially asked by defense counsel, the trial court did not err in overruling an objection to the prosecutor's question asking Officer Flatt if she believed Victim's allegations after completion of the investigation.

Point I is denied.

### Point II—claim of improper closing argument

■ In his second point, Appellant contends that the trial court plainly erred by failing to declare a mistrial *sua sponte* when the prosecutor, during closing argument, made this statement to the jury: "Think about the next little girl and the next little girl[.]"

During closing argument, the prosecutor argued, in part, the following:

Folks, in voir dire defense counsel said can you imagine an innocent guy that goes to prison and then later he's released. And you should think about that. Think about this. Think about that little girl if you let that man think he can walk out of this courtroom today and not suffer any penalty for what he did. And don't just think about what it would do to her. Think about the next little girl and the next little girl.

Appellant claims this argument was so prejudicial that it had a decisive effect on the jury and manifest injustice will occur if the error is not corrected.

 Ordinarily, alleged errors in closing argument do not justify relief as plain error unless the errors are determined to have had a decisive effect on the jury. *State v. Davis*, 566 S.W.2d 437, 447 (Mo. banc 1978). "[P]lain error relief as to closing argument should rarely be granted and is generally denied without explanation." *State v. Hall*, 319 S.W.3d 519, 523 (Mo.App. S.D.2010). "Such review is discouraged because the trial court's options are narrowed to uninvited interference with summation." *Id.* (citation omitted).

 And, to establish plain error during closing argument, a defendant must make a sound, substantial showing that manifest injustice or a miscarriage of justice will result if relief is not granted. *Id.* Furthermore, appellate courts are especially wary of a claim that the trial court failed to declare a mistrial *sua sponte* "because generally the double jeopardy clause of the Fifth Amendment to the United State Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent." *State v. White*, 291 S.W.3d 354, 359 (Mo.App. S.D.2009). Likewise, it is appropriate for the State to urge the jury to "uphold the law and protect children from sexual predation[.]" *State v. Wolf*, 326 S.W.3d 905, 908 (Mo.App. S.D.2010). We also note the following examples of closing argument that did not merit plain error relief. *Id.* at 907 (no plain error where prosecutor, in closing argument, urged the jury to "make sure there's not another little girl out there"); *State v. Dixon*, 70 S.W.3d 540, 550 (Mo.App. W.D.2002) (comment was improper, but was not plain error meriting relief where prosecutor requested the jury to "[s]end [the defendant] to prison for the rest of his life so he's not out raping any other little girls"); *State v. Brass*, 781 S.W.2d 565, 567 (Mo.App. E.D.1989) (comment was improper, but was not plain error meriting relief where prosecutor told the jury "I don't want his penis in another child's mouth.").

In this closing argument, the prosecutor initially reminded the jury that they should think about "an innocent guy that goes to prison and then later he's released." His next two statements simply reminded the jurors about this victim if the jury let Appellant off without any penalty for what he had done. The remaining remarks were vague as to what was meant by the "next little girl." It is not clear at all that the prosecutor meant future victims of Appellant rather than little girls whose abuser walked out with no penalty. In light of the considerably more inflammatory statements Missouri courts have condoned on review for plain error, as compared to the statement the prosecutor in this case made in his closing argument, Appellant did not suffer a miscarriage of justice when the trial court failed to, *sua sponte*, order a mistrial. Point II is denied.

The judgment is affirmed.

SCOTT, C.J., and FRANCIS, J., Concur.