

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,                )
                                  )
    Plaintiff-Respondent,         )    No. SD35506
                                  )
vs.                               )    **Filed: June 10, 2019**
                                  )
BRANDON EUGENE FISHER,            )
                                  )
    Defendant-Appellant.          )

APPEAL FROM THE CIRCUIT COURT OF IRON COUNTY

Honorable Judge Kelly W. Parker

**<u>AFFIRMED</u>**

Brandon Eugene Fisher ("Defendant") appeals his criminal convictions, after a jury trial, of two counts of child molestation in the first degree. Defendant contends that the trial court plainly erred when it failed to declare a mistrial, *sua sponte*, after the prosecutor made a statement in his closing argument that speculated about the possibility Defendant might commit similar unlawful acts in the future. Finding no merit to Defendant's contention, we affirm his convictions and sentences.

### Factual and Procedural Background

Viewed in the light most favorable to the verdict, the evidence adduced at trial demonstrated the following facts.

C.B. ("Victim") and her two sisters A.B. ("Sister") and M.B. were removed from their home and placed in a foster home with foster parents in March 2014. Victim was 5 years old and Sister was 7. Approximately 10 days after placement, Victim informed her foster mother that Defendant, a family friend of Victim's parents, would set Victim and Sister on his lap and "would play with them in a bad way" and touched Victim and Sister in their private areas. Sister told her foster mother that she had seen Defendant "do things" to Victim. Foster mother testified that Victim told her Defendant would "hump" Victim.

Foster mother called Jennifer Hart ("Hart"), the children's caseworker with the Department of Social Services, Children's Division ("Children's Division"). Hart came to the house, talked to the children, and hotlined the abuse. Sister told Hart that Defendant would touch Sister and Victim in their vaginal areas, using the word "coochie" to describe that area. Victim nodded in agreement to Sister's statements to Hart.

Based on the hotline report of abuse, an investigator with Children's Division, Joe Tiffany ("Tiffany"), came to the home. Tiffany asked Victim if she knew why he was at the house and Victim told him "Yes because my mom and dad and [Defendant] were in bed humping, sometimes with me in the bed and sometimes with my sisters."

Diane Silman ("Silman"), a forensic interviewer, interviewed Victim and Sister in April 2014, and Victim again in June 2014. In those interviews, Victim described being "humped" by Defendant on several occasions. Victim also stated Defendant's clothes were off and Defendant touched her on her breasts and belly. Sister told Silman that Defendant had touched her vagina.

2

Morgan Galloway, a forensic interviewer, interviewed Sister in June 2014. Sister reported that Defendant had touched her vagina, and Defendant had touched Victim in the same manner.

Melissa Meloy ("Meloy"), a licensed counselor, testified that Victim was her client. Victim told Meloy that her father and Defendant "would hump her and her sister in the living room[.]" Victim stated "it happened a lot." Victim told Meloy that Defendant and her father were naked, but that the girls had their underwear on.

Jennifer Naeger ("Naeger"), a licensed clinical social worker, counselled Victim and Sister beginning in 2015. Victim described to Naeger sexual abuse incidents occurring on three different dates in 2015 and 2016, including being touched in a sexually inappropriately way by Defendant. Sister also reported that Defendant had touched Sister inappropriately.

Defendant was charged with two counts of the class B felony of child molestation in the first degree in violation of § 566.067.[1] This charge was later amended to reflect Defendant's status as a persistent offender.

At trial, the State presented its evidence through various live witnesses and video interviews of Victim and Sister.[2] Both Victim and Sister also testified at trial. Although Victim testified she did not now remember Defendant, Sister testified that she knew who Defendant was and that he had sexually abused both Victim and her. Defendant did not testify.

---

[1] Unless otherwise noted, all statutory citations are to RSMo. Cum. Supp. (2013).
[2] Prior to trial, the State made motions to admit hearsay statements made by Victim and Sister under § 491.075, which governs statements made by children under age 14 relating to certain offenses. The trial court determined that the childrens' statements demonstrated sufficient reliability and were admissible as evidence subject to the conditions of § 491.075. Multiple video interviews of Victim and Sister were presented to the jury as part of the State's evidence.

After a two-day jury trial, the jury found Defendant guilty. He was sentenced to two terms of life imprisonment, each to run concurrently. This appeal followed. Additional facts will be included below as relevant to Defendant's point on appeal.

## Standard of Review

Defendant concedes his claim of error was not preserved for appellate review.[3] Consequently, the request for appellate review is for plain error only. *See* Rule 30.20;[4] *State v. Brownlee*, 493 S.W.3d 439, 446 (Mo. App. E.D. 2016) (noting that under Rule 30.20, an appellate court may review an unpreserved claim for plain error).

"[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "Plain error 'is error that is evident, obvious and clear.'" *State v. Collins*, 150 S.W.3d 340, 349 (Mo. App. S.D. 2004) (quoting *State v. White*, 92 S.W.3d 183, 189 (Mo. App. W.D. 2002)). "Plain error review is a two-step process." *State v. Jensen*, 524 S.W.3d 33, 42 (Mo. banc 2017); *State v. Tramble*, 383 S.W.3d 34, 38 (Mo. App. E.D. 2012). First, this Court must "review the record to determine whether the trial court committed evident, obvious, and clear error that affected the substantial rights of the defendant." *Tramble*, 383 S.W.3d at 38 (internal quotation omitted). Second, if such error is found, this Court must determine "whether the alleged error actually resulted in manifest injustice." *Jensen*, 524 S.W3d at 42; *see State v. Hunt*, 451 S.W.3d 251, 260 (Mo. banc 2014). This Court reviews the evidence in the light most favorable to the verdict. *State v. Davis*, 318 S.W.3d 618, 629 (Mo. banc 2010); *see also State v. Strong*, 142 S.W.3d 702, 710 (Mo. banc 2004).

---

[3] Defendant did not object to the prosecutor's closing argument at trial nor request a mistrial. Defendant also did not include this argument in his motion for a new trial or raise this issue at any other time prior to this appeal.

[4] All rule references are to Missouri Court Rules (2019).

**Analysis**

Defendant claims that the trial court plainly erred when it failed to declare a mistrial, *sua sponte*, after the prosecutor stated in closing argument that it was the jury's choice whether to find Defendant guilty or whether they would allow Defendant to "get up out of that chair, walk out that door to this community to do again what he's done[.]" Defendant claims this violated his right to be tried only on the crimes for which he is charged because this statement was "impermissible speculation about crimes [Defendant] might commit in the future." Defendant contends that because the prosecutor's statement at issue was the "last thing" the jury heard before deliberations, these words had a "decisive effect" on the jury and resulted in manifest injustice.

In this case, the prosecutor's statement at issue was part of the prosecutor's final closing argument, where he said:

> Do you believe this man is one of the one's [sic] that did something to her[?] Did [Defendant] molest [Victim]? She couldn't say it today but she has said it again and again. For three years this case has been mine. For a long time it's also been [Defendant's attorney's case] but in a few minutes it will not be mine or her's [sic] any longer it will be your's [sic]. It is your choice, do you make this man take seriously his actions? Is he held responsible or ***does he get up out of that chair, walk out that door to this community to do again what he's done?*** The choice is yours.

(emphasis added).

In general, a prosecuting attorney should not seek to "inflame the passions or prejudices of the jury against a defendant." ***State v. Dominguez-Rodriguez***, 471 S.W.3d 337, 350 (Mo. App. E.D. 2015) (quoting ***State v. Douglas***, 720 S.W.3d 390, 393 (Mo. App. S.D. 1986)). An argument that is "designed to induce a jury to act on passion or prejudice may include . . . speculation about future crimes the defendant might commit[.]" ***Id.*** When the State speculates "about a defendant's propensity to

commit future criminal acts[,]" this is error. **Collins**, 150 S.W.3d at 353. To put it another way, a defendant has a right to be "tried only for what crime he has or has not done, and not for what crime he might do in the future." **Id.** (quoting **State v. Schaefer**, 855 S.W.2d 504, 507 (Mo. App. E.D. 1993)).

However, in its closing argument, "the State is permitted considerable latitude in arguing the necessity of law enforcement, the duty of the jury to convict the defendant and prevent crime, and the results to society of a failure to uphold the law." **Tramble**, 383 S.W.3d at 38. Statements that are made during a closing argument "must be viewed in context of the entire record." **Dominguez-Rodriguez**, 471 S.W.3d at 349. This is particularly true when an allegedly improper closing argument is subject to plain error review. Under those circumstances, a conviction will be reversed "only if the defendant demonstrates the comments had a decisive effect on the outcome of the trial, amounting to a manifest injustice[.]" **Brownlee**, 493 S.W.3d at 446.

In **State v. Vorhees**, the defendant made a similar argument after he was convicted of statutory rape in the first degree. 342 S.W.3d 446, 447 (Mo. App. S.D. 2011). The defendant argued that the trial court plainly erred in failing to declare a mistrial after the prosecutor, during closing argument, stated to the jury:

> Think about that little girl if you let that man think he can walk out of this courtroom today and not suffer any penalty for what he did. And don't just think about what it would do to her. Think about the next little girl and the next little girl.

**Id.** at 450. This Court in **Vorhees**, noted several examples of closing arguments that had not merited relief under plain error review. **Id.** at 451. These cases included a prosecutor's statements in closing argument, where the prosecutor argued to the jury: (1) "make sure there's not another little girl out there" **id.** (quoting **State v. Wolf**, 326

6

S.W.3d 905, 907 (Mo. App. S.D. 2010)); (2) "[s]end [the defendant] to prison for the rest of his life so he's not out raping any other little girls" **id.** (quoting **State v. Dixon**, 70 S.W.3d 540, 550 (Mo. App. W.D. 2002)); and (3) that the prosecutor didn't "want [defendant's] penis in another child's mouth" **id.** (quoting **State v. Brass**, 781 S.W.2d 565, 567 (Mo. App. E.D. 1989)). The Court stated that the prosecutor's reference to the "next little girl" was vague as to its meaning and "[i]t is not clear at all that the prosecutor meant future victims of Appellant rather than little girls whose abuser walked out with no penalty." **Id.** This Court concluded that "[i]n light of the considerably more inflammatory statements Missouri courts have condoned on review for plain error," the defendant in **Vorhees** "did not suffer a miscarriage of justice" for the trial court's failure to declare, *sua sponte*, a mistrial. **Id.**

Similarly, in **Wolf**, the Court found that the prosecutor's statement instructing the jury to "make sure there's not another little girl out there" was subject to multiple interpretations. 326 S.W.3d at 907. They found it could be interpreted as the State's effort to "urg[e] jurors to uphold the law and protect children from sexual predation, which is an appropriate argument," and concluded no manifest injustice resulted. **Id.** at 907-08. Here, the prosecutor's statement could be interpreted, as in **Wolf**, to support the lawful goal of protecting children from sexual predation. **Id.** at 908; **Vorhees**, 342 S.W.3d at 451. The prosecutor's previous remarks in his closing argument support this assertion, when the prosecutor stated "[c]hild sex abuse doesn't happen around people who are watching out for the child[,]" and also that "[m]olesters know those things and that's why they are able to get away with it."

Finally, Defendant bears the burden to demonstrate the decisive effect of a statement made in closing argument.[5] **State v. O'Haver**, 33 S.W.3d 555, 561 (Mo. App. W.D. 2000). For this "decisive effect" to occur, there must exist a reasonable probability that in the absence of the statement at issue, the verdict would have been different. **Thompson**, 390 S.W.3d at 176.

"Brief, isolated, nonrepetitive remarks of the State in closing argument rarely call for plain error relief." **O'Haver**, 33 S.W.3d at 562. Here, the "brevity of the remark, especially in the context of the whole argument[,]" **State v. Kalter**, 828 S.W.2d 690, 692 (Mo. App. E.D. 1992), and in light of the overwhelming evidence against Defendant show no manifest injustice resulted.

The evidence presented at trial in this case included the testimony of multiple witnesses relaying Victim and Sister's statements about how Defendant sexually abused them, the video evidence of forensic interviews of Victim and Sister, and Sister's testimony at trial regarding the abuse. In light of the totality of this evidence and given our standard of review, Defendant has failed to convince us that the prosecutor's statement in his closing argument had a decisive effect on the jury's verdict that resulted in manifest injustice. *See* **Brownlee**, 493 S.W.3d at 446.

The overwhelming evidence against Defendant shows no manifest injustice resulted and the trial court did not plainly err when it failed to, *sua sponte*, order a mistrial in this case.

---

[5] As to a closing argument, plain error relief is "rarely" granted and "is generally denied without explanation." **State v. Wilson**, 343 S.W.3d 747, 752 (Mo. App. E.D. 2011) (quoting **State v. Garner**, 14 S.W.3d 67, 76 (Mo. App. E.D. 1999)). "[I]n the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." **Collins**, 150 S.W.3d at 349 (quoting **State v. Boyd**, 954 S.W.2d 602, 609 (Mo. App. W.D. 1997)). "[A] holding that would require the trial judge to interrupt counsel would present myriad problems." **State v. Thompson**, 390 S.W.3d 171, 176 (Mo. App. E.D. 2012).

**Conclusion**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DANIEL E. SCOTT, J. – CONCURS