

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109911 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| vs. | ) | 19WA-CR00137-01 |
| | ) | |
| GARY L. BLUE, JR., | ) | Honorable Wendy Wexler Horn |
| | ) | |
| Appellant. | ) | Filed:   September 20, 2022 |

Introduction

Gary L. Blue, Jr. (Appellant) appeals from the judgment, following a jury trial, convicting him of three counts of child molestation in the third degree in violation of section 566.069.[1]  The jury recommended eight-year sentences on each count, which the trial court ordered to run consecutively.  We affirm.

Factual and Procedural Background

Appellant does not challenge the sufficiency of the evidence supporting his conviction, and we therefore only briefly summarize the evidence presented at trial.  The evidence showed the following, viewed in the light most favorable to the verdict.

At the time of the incidents, J.R. (Victim) was five years old and lived in a cabin with her mother (Mother), her father (Father), and her older siblings. Victim's grandparents also lived in

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

another residence on the same property. Victim's parents were very close with Appellant, who was Father's cousin, and Appellant often stayed at their property, including during the summer of 2017. At times, Appellant would be left to watch the children. Appellant gave Victim more attention than the other children, including buying Victim more toys, taking her places, and playing with her more often. Victim's sisters recalled times when Victim would be in Appellant's lap and he would cover her with a coat or a blanket, or Victim would be underneath Appellant's shirt. One sister described entering a room to find Victim wrapped in a blanket, with Appellant's hand under the blanket. Both sisters recollected times when they were in a room with Victim and Appellant, and Appellant would instruct Victim to have her sisters leave.

In 2017, Victim told Mother that she had a nightmare about Appellant. In December 2018, an investigator with the Children's Division received a hotline report about Victim. When the investigator went to interview Victim, Victim disclosed that Appellant touched her inappropriately multiple times during the summer of 2017, including putting Appellant's "stuff" and "bad spot" in Victim's mouth. A week later, Kelly Tesson conducted a forensic interview with Victim at the Children's Advocacy Center (CAC). During the interview, Victim disclosed that Appellant placed his penis in her vagina and in her mouth on multiple occasions, and once put his mouth on her breast and his mouth on her anus. Victim also relayed that Appellant told her not to tell anyone. Tesson later interviewed Victim's two sisters. Recordings of the three CAC interviews were admitted into evidence and played for the jury at trial. Victim was also taken to the hospital to undergo a sexual assault forensic examination (SAFE), the results of which were admitted into evidence at trial. The SAFE records indicated that Victim had a history of rectal bleeding that was reported to occur during the time of the suspected abuse, and that she had previously been treated for urinary tract infections and unusual vaginal discharge.

2

Appellant was charged by information with one count of statutory rape in the first degree and three counts of statutory sodomy in the first degree. A jury found Appellant guilty of three counts of child molestation in the third degree for touching Victim with his genitals (Count II), touching Victim's genitals (Count III), and touching Victim's anus (Count IV). The jury found Appellant not guilty of statutory rape in the first degree (Count I). The jury recommended an eight-year sentence for each count of child molestation. Following the jury's recommendation, the trial court sentenced Appellant to consecutive eight-year sentences on each count, for a total of 24 years in the Missouri Department of Corrections.

This appeal follows.[2]

## Discussion

In his two points on appeal, Appellant challenges the trial court's failure to intervene *sua sponte* and issue a curative instruction or declare a mistrial following allegedly improper comments from the State during its guilt- and penalty-phase closing arguments.

## Standard of Review

We typically review claims of error relating to closing argument for an abuse of discretion. State v. Brooks, 158 S.W.3d 841, 852 (Mo. App. E.D. 2005). But neither claim of error in this case was properly preserved for our review because Appellant did not object to the State's remarks at the time they were made or raise these issues at any time prior to this appeal. See State v. Fisher, 575 S.W.3d 508, 511, 511 n.3 (Mo. App. S.D. 2019). Appellant acknowledges his claims of error were not preserved, and he requests plain error review under Rule 30.20.[3]

---

[2] Additional facts will be set forth, as needed, in the discussion of Appellant's points on appeal.
[3] All rule references are to the Missouri Supreme Court Rules (2021).

Rule 30.20 provides that, "[w]hether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Plain errors are only those that are "facially 'evident, obvious, and clear.'" State v. Wood, 580 S.W.3d 566, 579 (Mo. banc 2019), quoting State v. Jones, 427 S.W.3d 191, 195 (Mo. banc 2014). To constitute reversible error, any plain error found must result in manifest injustice or a miscarriage of justice. Rule 30.20. Further, in relation to an allegedly improper argument, "reversal is warranted only if the defendant shows the improper argument 'had a decisive effect on the jury's determination.'" Wood, 580 S.W.3d at 579, quoting State v. McFadden (McFadden I), 369 S.W.3d 727, 747 (Mo. banc 2012). An argument has a decisive effect and amounts to manifest injustice where there is a reasonable probability that the jury's verdict would have been different had the error not taken place. Fisher, 575 S.W.3d at 513, citing State v. Thompson, 390 S.W.3d 171, 176 (Mo. App. E.D. 2012). The appellant bears the burden of demonstrating this decisive effect resulting in manifest injustice. Id., citing State v. O'Haver, 33 S.W.3d 555, 561 (Mo. App. W.D. 2000).

Statements made in closing argument rarely constitute reversible plain error. Wood, 580 S.W.3d at 579, citing McFadden I, 369 S.W.3d at 747. "Such situations rarely merit plain error review because in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." State v. Sanchez, 186 S.W.3d 260, 265 (Mo. banc 2006), citing State v. Silvey, 894 S.W.2d 662, 670 (Mo. banc 1995). We are cognizant that "a holding that would require the trial judge to interrupt counsel would present myriad problems." Brooks, 158 S.W.3d at 853, citing State v. Radley, 904 S.W.2d 520, 524 (Mo. App. W.D. 1995).

4

In his first point on appeal, Appellant argues the trial court plainly erred in failing to intervene *sua sponte* and issue a curative instruction or declare a mistrial in response to the State making an improper "future dangerousness" argument, in which the State implied that Appellant would harm both Victim and future children if acquitted and that the jury would be responsible therefor. Appellant asserts this failure resulted in manifest injustice because, by allowing the improper argument, the jury was pressured into a guilty verdict that otherwise would not have occurred. We disagree.

*Relevant facts*

Appellant takes issue with what he characterizes as an improper "future dangerousness" argument made by State. The challenged portion occurred at the end of the State's guilt-phase closing argument:

> I think [Victim]'s been very brave to come in front of us and tell her – and tell us things about her life, and you are her only chance for justice. She said how afraid of [Appellant] she is. She's terrified he's going to get out on the street, and you're the only people who can keep her safe and keep other children like her safe from a guy like Gary Blue, so I ask you to please find him guilty on all counts.

As previously noted, defense counsel failed to object to these remarks or request a mistrial.

*Plain error*

In a criminal case, it is generally improper for the State in closing argument "'to excite and inflame passion or prejudice' toward the defendant." State v. Tramble, 383 S.W.3d 34, 38 (Mo. App. E.D. 2012), quoting State v. Kalter, 828 S.W.2d 690, 692 (Mo. App. E.D. 1992). This includes speculating on a criminal defendant's propensity to commit future criminal acts. Id. Such argument improperly seeks a conviction based on the speculative danger a criminal defendant potentially poses in the future, which runs counter to a defendant's "right to be tried

only for what he has or has not done, not what he might do in the future." Id., citing State v. Schaefer, 855 S.W.2d 504, 507 (Mo. App. E.D. 1993).

But the State is permitted to make a variety of other arguments to the jury. State v. McFadden, 391 S.W.3d 408, 425 (Mo. banc 2013) (citing supporting cases). Permissible arguments include "the need for strong law enforcement, the prevalence of crime in the community, and that conviction of the defendant is part of the jury's duty to uphold the law and prevent crime." Id., citing McFadden I, 369 S.W.3d at 750; see also Tramble, 383 S.W.3d at 38 (permissible to comment on "the evils that may befall society if a jury fails its duty," citing State v. Burton, 219 S.W.3d 778, 781 (Mo. App. E.D. 2007)); State v. Collins, 150 S.W.3d 340, 354 (Mo. App. S.D. 2004) (permissible to "argue that the jury should 'send a message' that society will not tolerate certain conduct," quoting State v. Cobb, 875 S.W.2d 533, 537 (Mo. banc 1994)). "Likewise, it is appropriate for the State to urge the jury to 'uphold the law and protect children from sexual predation[.]'" State v. Vorhees, 342 S.W.3d 446, 451 (Mo. App. S.D. 2011), quoting State v. Wolf, 326 S.W.3d 905, 908 (Mo. App. S.D. 2010). The State is granted considerable latitude in making arguments along these lines. Tramble, 383 S.W.3d at 38, citing Schaefer, 855 S.W.2d at 507.

Although the State's remarks in this case may approach the line separating proper from improper argument, controlling caselaw is clear that the State did not cross that line. See, e.g., Schaefer, 855 S.W.2d at 507. In State v. Schaefer, for example, this Court rejected an argument that the State impermissibly speculated as to the defendant's future dangerousness when it argued to the jury: "Now what can you do to safeguard [victim's] rights? And the rights of other fifteen[-]year[-]old children who are raped and abused *by the likes of him*. … You want to send a message to people *like him*, telling him not to rape children." Id. This argument was found not

6

to be improper "because it constituted a plea to the jury to uphold the law and convict those responsible for raping children in their community." Id. Other such arguments have similarly been found to be permissible pleas to uphold the law and protect children from sexual predation. See, e.g., Fisher, 575 S.W.3d at 512, 513 (State questioned whether defendant will be "held responsible or does he get up out of that chair, walk out that door to this community to do again what he's done"); Wolf, 326 S.W.3d at 907-08 (State requested jury "find this defendant guilty and make him face what he did and also along the way make sure there's not another little girl out there" because "it doesn't just happen once … a bunch more victims are out there waiting").[4]

In the case before us, the State's urging to the jurors to convict Appellant because they were "the only people who can keep [Victim] safe and keep other children like her safe from a guy like Gary Blue" can be construed as a permissible plea to uphold the law and protect children in the community from sexual predation. See id. Likewise, the State's previous remark that "[Victim] said how afraid of [Appellant] she is. She's terrified he's going to get out on the street" can be viewed as a permissible plea to uphold the law and convict the defendant by reminding the jury about Victim. See Vorhees, 342 S.W.3d at 450-51.

Indeed, this Court has previously noted that "[a]rguments which include references to 'the likes of him' have frequently withstood challenge in our courts," as they do not clearly speculate that a specific defendant presents a future danger. Schaefer, 855 S.W.2d at 507, citing State v. Wade, 535 S.W.2d 492, 498 (Mo. App. 1976). Such is the case here. The State's remarks

---

[4] See further State v. Collins, 150 S.W.3d 340, 353–54 (Mo. App. S.D. 2004) (State remarked that jurors were "the only ones who can protect the little ones from people like him. You're the only ones. When it comes down to the bottom line, we have to rely on twelve people who have got common sense and realize we can't let these guys walk around and have access to children"); cf. State v. Vorhees, 342 S.W.3d 446, 450–51 (Mo. App. S.D. 2011) (no plain error because State's closing argument remarks to "Think about that little girl if you let that man think he can walk out of this courtroom today and not suffer any penalty for what he did. And don't just think about what it would do to her. Think about the next little girl and the next little girl" were "not clear at all that the prosecutor meant future victims of [a]ppellant rather than little girls whose abuser walked out with no penalty").

during closing argument were not improper, and therefore it was not plain error for the trial court to fail to *sua sponte* issue a remedial instruction or declare a mistrial.

*Decisive effect on the jury and resulting manifest injustice*

Moreover, even assuming *arguendo* that the State's remarks were improper and constituted plain error, Appellant has failed to demonstrate that they had a decisive effect on the jury and resulted in manifest injustice.

As has been noted in previous appellate cases, even highly improper remarks in closing argument have been found not to constitute plain error meriting relief because the remarks did not have a decisive effect on the jury. See Vorhees, 342 S.W.3d at 451, citing supporting cases; State v. Dixon, 70 S.W.3d 540, 550 (Mo. App. W.D. 2002)[5] (although improper, State's remark at end of closing argument that jury should "Send [defendant] to prison for the rest of his life so he's not out raping any other little girls" did not result in manifest injustice given remark was "isolated and not extensive," was contained in otherwise proper closing argument, and there was other evidence of defendant's guilt); State v. Brass, 781 S.W.2d 565, 567 (Mo. App. E.D. 1989) (although improper, State's remark during closing argument that "I don't want his penis in another child's mouth. I don't want his brother's penis in another child's behind" did not result in manifest injustice given remark was only "two sentences uttered in the middle of an otherwise proper argument").

The remarks at issue here were a brief two sentences contained within an otherwise proper closing argument. "Brief, isolated, nonrepetitive remarks of the State in closing argument rarely call for plain error relief." Fisher, 575 S.W.3d at 513, quoting O'Haver, 33 S.W.3d at 562. Viewed in the context of the other evidence presented at trial, we are not convinced that these

---

[5] State v. Dixon, 70 S.W.3d 540 (Mo. App. W.D. 2002), was overruled on unrelated grounds by State v. Claycomb, 470 S.W.3d 358, 361 (Mo. banc 2015).

8

isolated comments had a decisive effect on the jury's verdict.  See id. at 512–14 (no manifest injustice resulted from prosecutor's question to jury whether defendant would be "held responsible or does he get up out of that chair, walk out that door to this community to do again what he's done," especially viewed in context of whole closing argument and considering overwhelming evidence at trial).  Even assuming plain error existed, Appellant has failed to persuade us that manifest injustice has occurred.

Appellant has not met his burden of demonstrating he is entitled to relief under Rule 30.20 for the State's allegedly improper guilt-phase closing argument.

Point I is denied.

Point II

In his second and final point on appeal, Appellant argues the trial court plainly erred in failing to intervene *sua sponte* and issue a curative instruction or declare a mistrial after the State referenced concurrent versus consecutive sentence structure during its penalty-phase argument. Appellant asserts that this failure resulted in manifest injustice because, by allowing the State to reference these sentence structures, the jury was improperly influenced to recommend a longer sentence on each count.  We disagree.

*Relevant facts*

During Appellant's penalty-phase argument, his defense counsel stated to the jury, "You [the jury] have a lot of options to choose from.  Certainly, 10 years in the Department of Corrections is a substantial amount of time, and that would be on three counts, so he's looking at a 30-year sentence, which is very large." The State objected to the reference to how the sentences would run, which the trial court sustained.  The State did not ask for any instruction from the trial

9

court for the jury to disregard the comments, or for them to be stricken from the record. Instead, the State responded with the following argument in its rebuttal:

> As [defense counsel] talked about the possible 30 years, it's a possibility and it's not. It's also a possibility that won't happen. So – and certainly it could run concurrent as well. There's no law saying it has to run consecutive. Okay? So it could be – if you give him 3 years, get 3 years on every count, it's 3 years. Okay? With credit for time served, he might be out, you know, in a – in a couple months. So please – please make it the maximum of 10 years.

As previously noted, defense counsel failed to object to these remarks or request a mistrial.

*Plain error*

It is generally improper for counsel to make a statement to the jurors that minimizes their role in and responsibility for recommending a sentence. See State v. Roberts, 709 S.W.2d 857, 869 (Mo. banc 1986); State v. Stutts, 723 S.W.2d 594, 595–97 (Mo. App. W.D. 1987). But the State "has considerable leeway to make retaliatory arguments at closing" and "may retaliate to an issue raised by the defense even if the prosecutor's comment would be improper." Sanchez, 186 S.W.3d at 265, citing State v. Clayton, 995 S.W.2d 468, 479 (Mo. banc 1999).

Appellant argues that the State's objection to defense counsel's penalty-phase references to consecutive sentencing demonstrated the State's awareness of the impropriety of such a comment. This argument misses the mark. As previously stated, "[a] prosecutor may retaliate to issues raised in defense counsel's closing argument, even if the prosecutor's argument would otherwise be improper." State v. Thomas, 272 S.W.3d 421, 430 (Mo. App. E.D. 2008), quoting State v. Sheridan, 188 S.W.3d 55, 65 (Mo. App. E.D. 2006). Because defense counsel first raised the possibility of different sentence structures, the State was permitted to make a retaliatory argument in response. See id. And like in Thomas, the State may successfully object to an improper argument by defense counsel and later respond to the portions of that objected-to argument that remain on the record. See id. (no error in allowing State make penalty-phase

10

rebuttal argument regarding probation, where defense counsel first raised issue of probation, State objected, objection was sustained, but argument was not stricken from record).

Here, the challenged remarks by the State regarding the effects of different sentence structures, including that Appellant might serve "a couple months," constituted permissible retaliatory argument to defense counsel's penalty-phase argument that Appellant was "looking at a 30-year sentence." See id. Defense counsel first raised the idea of sentence structure to the jury, both parties were able to argue the matter, and neither party suggested to the jurors that it was not their responsibility to assess punishment. The trial court did not plainly err in failing to *sua sponte* issue a remedial instruction or declare a mistrial based on these remarks. See State v. Davis, 474 S.W.3d 179, 194–96 (Mo. App. E.D. 2015) (no plain error where both parties referenced consecutive and concurrent sentencing in arguments to jury because "[b]oth sides argued to the jury the sentences they deemed appropriate and at no time suggested to the jury that it was not their responsibility to assess punishment").

Appellant has not met his burden of demonstrating he is entitled to relief under Rule 30.20 for the State's allegedly improper penalty-phase closing argument.

Point II is denied.

Conclusion

For the foregoing reasons, we affirm the judgment.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.